The defendant-appellant was convicted, after a trial in the Trenton Police Court No. 1, on December 10, 1948, of having on November 27th, 1948, in violation of R.S. 2:202-9, unlawfully, wilfully and maliciously broken, damaged and destroyed a lead-in television wire at No. 1056 Stuyvesant Avenue, the property of the prosecutor, Alex R. Schulman, by ripping the same loose, said damage being in the sum of less than twenty-five dollars. Sentence was suspended.
Defendant appealed from the conviction and a trial de novo
was had in this court.
Two witnesses were heard for the State and two for the appellant; namely, the prosecutor and his wife for the State, and the appellant and his wife for the defense. The lease from the appellant to the prosecutor for an apartment in the apartment house belonging to the former was admitted in evidence. From a careful examination of the testimony this court resolves and finds the facts to be as follows:
On July 28, 1947, the appellant leased to the prosecutor the apartment known as C-2 on the third floor in the building known as Stuyvesant Arms, 1056 Stuyvesant Avenue, Trenton, for a term to commence August 1, 1947, and to end on December 31, 1948, for the rental therein specified, and the prosecutor was occupying the apartment in question on the date when the offense complained of is said to have been committed. The prosecutor was already a tenant of the appellant and the new lease in question was negotiated at an increase *Page 516 
in rental over the rental provided for in the preceding lease. Sometime in August, 1947, the appellant gave to the prosecutor his verbal permission to erect the television aerial in question on the roof of the apartment house; and it was erected and the television set installed in the prosecutor's apartment in September, 1947. The appellant was frequently in the premises of the prosecutor and it may be inferred that he knew of the existence of the television set from about the time of its installation, and until the date the alleged offense was committed. On November 27, 1948, the prosecutor saw the appellant coming down the stairway leading to the roof shortly after midnight, and after this time the television set could not be operated. On November 29th the prosecutor discovered that the lead-in wire from the aerial on the roof to the set in the apartment had been cut or torn loose. On the following Wednesday, December 1st, the prosecutor called the appellant on the telephone, to which conversation his wife listened on an extension telephone, and asked permission of the appellant to repair the television aerial, access to the roof having been prevented, which request the appellant refused and directed the prosecutor to remove the aerial. In the course of the conversation he admitted having clipped or torn loose the wire.
The lease is confined strictly to the apartment C-2 and contains no provision for the use of any other portion of the apartment premises; and so the question of the admission of parol evidence to vary or modify the terms of a written lease becomes academic, as do the points raised by the appellant concerning the jurisdiction of the court to reform the written lease, whether the erection of the antenna was an act of waste, and whether or not the aerial and parts thereof by being placed in a permanent manner on the appellant's premises thereby became his property.
The arrangement under which the antenna was erected on the roof of the building was a parol license and the terms of the lease have no relation thereto.
The existence of the antenna on the roof of the building and of the lead-in wire, therefore, is not a nuisance created by *Page 517 
a trespasser which might be abated by the owner of the premises in any manner he might desire for the protection of his own property.
While the license, being a parol one, may be revoked by the licensor, such right of revocation does not include the right without notice to do damage or injury to the property of the licensee, which is the subject matter of the license, and which was done in this case.
The act of the appellant in cutting or tearing loose the lead-in wire, therefore constituted malicious destruction, damage and injury to the property of the prosecutor, not exceeding the sum of twenty-five dollars which is proscribed by R.S. 2:202-9.
The judgment of the court below is therefore affirmed, with costs in the court below and in this court, and the appellant is found guilty in this court of the offense charged against him. He will appear for sentence on Wednesday, September 7th at ten o'clock in the morning. *Page 518